Goodheart v. Goodheart.

FANNY GOODHEART

*v.*

MARGARET M. GOODHEART et al.

[Filed October 6th, 1902.]

1. A wife bars dower by executing and acknowledging the conveyance of her husband according to law, such acknowledgment being duly certified without regard to any words of release in the deed.

2. Where a husband and wife conveyed land of the husband to a trustee and her heirs in trust, to permit the husband to possess and enjoy the same and receive the rents and profits, and to convey in fee to any person at the husband's request in writing, and, if not conveyed during the husband's life, to convey to his appointee by will, and in default of appointment to his heirs, the husband retained an equitable estate of inheritance in the land not conveyed during his life, in which his widow was entitled to dower.

3. Where a husband and wife joined in a conveyance to a trustee, under which the trustee was bound to convey the land in fee to any person the husband should designate in writing, a conveyance by the trustee during the husband's life on his request, extinguished the husband's equitable estate of inheritance in the land, and, as an incident thereto, his widow's right to dower therein.

On bill, answer and proofs.

The bill is filed by the complainant, the widow of James Good-
heart, deceased, to have her dower in certain lands assigned to
her and to have an accounting for her share of rents, &c.  Some
of the land lies in Hudson county and some in Middlesex county.
As to one of the tracts the right of the complainant to dower is
not denied.  In this tract the husband had a legal estate, with-
out equitable incidents of any kind.  In the other tracts the hus-
band had an equitable estate, and the right of the widow to dower
in those lands is contested.

The contest arises out of the following facts:  The husband
and wife each owned real estate in fee.  They were living apart.
A suit was pending in the court of chancery, brought by the
wife against her husband, the exact nature of which is not dis-
closed, but one object of which was to secure alimony or main-
tenance.  The husband found himself in difficulties because he
could not execute satisfactory deeds or mortgages of his lands,
and his affairs were becoming involved on that account.  In this
situation of affairs the parties came together, each being repre-
sented by counsel, and the result was that the husband paid
the wife $2,000, and two trust deeds of bargain and sale, without
covenants, were executed by both parties, in precisely the same
form, one conveying all the lands of the wife to a trustee for
her benefit, and the other conveying all the lands of the hus-
band, except the single tract in which the dower right is admit-
ted, to a trustee for his benefit.

The deed conveying the husband's land, with which we have
to deal particularly in this cause, and from which the form and
provisions of the other trust deed can be perceived, is between
James Goodheart, of the first part; Fanny Goodheart, of the
second part, and Anna M. Goodheart, of the third part.  It is
acknowledged by the wife, in the correct form, and the acknowl-
edgment is certified by the master in chancery who took the
same.  This deed, in consideration of $1 paid to the parties of
the first and second part, conveys from them to the party of the
third part, and her heirs, certain tracts of land in Hudson county

and a tract of land in Middlesex county. The *habendum* is as follows:

"to have and to hold the same unto the said party of the third part, her heirs and assigns forever, in trust, nevertheless, that she, the said party of the third part, her heirs and assigns shall and will permit the said James Goodheart to possess and enjoy the said premises and receive the rents, issues and profits thereof, and at any time the said party of the first part might request to rent the same to any tenant or tenants for his own separate use for any term not exceeding his natural life and at any time during the life of the said James Goodheart to convey said property in fee-simple to any person or persons whom he might request in writing under his hand, or to convey or reconvey said property and any and all parts thereof in fee-simple to said James Goodheart from time to time, when requested in writing under the hand of the said James Goodheart, and in default of such request during his lifetime to convey the same in fee-simple or otherwise to such person or persons, as he shall direct by will, and in default of both to his lawful heirs. And in no case shall the said party of the third part be accountable for the proceeds of any moneys received with respect to said lands, directly or indirectly, or for any default, because of waste, destruction, insurance, non-payment of taxes, assessments, or for any cause whatsoever."

During the lifetime of James Goodheart his trustee, Anna M. Goodheart, at his written request, pursuant to her trust, conveyed a part of the lands which she held in trust to the defendant Maragaret M. Goodheart. The remainder of the trust estate was not at any time conveyed by the trustee in the lifetime of James Goodheart, nor does it appear that since his decease any conveyance has been made or attempted.

*Mr. Joseph A. Duffy,* for the complainant.

*Mr. William Brinkerhoff,* for the defendants.

STEVENSON, V. C.

The important questions to be determined in this case are— *first,* whether, after the conveyance from James Goodheart and wife to the trustee, Anna M. Goodheart, an equitable estate of inheritance was vested in James Goodheart, to which dower would attach, and *second,* whether the inchoate right of dower was liable to be defeated by a conveyance from the trustee to a

third party, made in the lifetime of James Goodheart, in pursuance of the trust.

That the complainant barred her dower right in the legal estate which her husband had prior to his conveyance to the trustee is not denied. The wife bars her dower, not by any words of release in a deed, but by executing and acknowledging, according to law, the conveyance of her husband, such acknowledgment being duly certified by the officer taking the same. *Gen. Stat. p. 854 § 9; Gen. Stat. p. 1275 § 1; Frey* v. *Boylan, 8 C. E. Gr. 90, 91; Boorum* v. *Tucker, 6 Dick. Ch. Rep. 135; Den* v. *Johnson, 3 Harr. 87, 97.*

The whole controversy in this case depends solely upon the character of the estate which was vested in James Goodheart upon the conveyance from him and his wife to his trustee, Anna M. Goodheart.

Considerable testimony was taken with a view to showing what the actual bargain was between the husband and wife which they attempted to carry out, and in pursuance of which the husband paid the wife $2,000. Without questioning the competency of this testimony, I do not find in it anything which can in any way affect the construction of this deed. No fraud or mistake of fact is alleged. No claim that the trust deed should be reformed is set up. The whole contest is over the legal construction of this instrument. The parties dealt at arm's length. Each had counsel.

Admitting all the parol evidence which has been offered as competent, it appears that the whole bargain was that these deeds, which were drawn and submitted to counsel on both sides, were to be executed, and that $2,000 was to be paid by the husband to the wife in full satisfaction of all her claims for alimony or maintenance. Alimony and maintenance are limited to the lifetime of the husband. It is not claimed that dower was even mentioned between the parties. Each party had a right to his own views of the legal effect upon dower and curtesy of either or both of these instruments. The respective counsel may have differed in regard to this matter.

The question whether these trust deeds created an equitable estate of inheritance, so as to have the incidents of dower and

curtesy, seems to be absolutely settled by the court of errors and appeals, in the case of *Cushing* v. *Blake, 3 Stew. Eq. 689 (1879)*. I am unable to distinguish the trust estate dealt with in that case from the trust estate created by each of the two deeds before the court in this case. In *Cushing* v. *Blake* the conveyance was made "in trust to and for the sole use and benefit" of the beneficiary, while in this case the conveyance was made in trust that the grantee should and would permit the beneficiary to possess and enjoy the lands and receive the rents, issues and profits thereof. All the other provisions of the trust in regard to conveyances in the lifetime of the beneficiary and after his death are substantially the same in the two cases.

A trust that the beneficiary shall possess and enjoy lands and receive the rents, issues and profits thereof, is equivalent to a trust for his sole use and benefit. I think that counsel for the defendant conceded nothing that is not clearly established by the case of *Cushing* v. *Blake* when he admitted that, if the trust had come from a third party, the complainant would be entitled to dower.

But there was nothing, as we have seen, about the transaction, viewed as a whole, including the execution of both deeds and the payment of the $2,000, which could operate, in a court of law or a court of equity, to affect either dower in the equitable estate of the husband or curtesy in the equitable estate of the wife.

It was urged that the joining of the wife in this trust deed from the husband was altogether inoperative unless it barred her right of dower, not only in the prior legal estate which the deed conveyed, but also in the equitable estate which the deed created; that if the equitable estates of this husband and wife were subject, respectively, to dower and curtesy, the whole object of the parties in the transaction would be entirely defeated.

Even if these trust deeds practically accomplished nothing, that fact would not, at present, constitute a ground for holding that the complainant's dower was in any way barred in law or in equity. It is sufficient to say that the bargain was that the complainant should execute this particular deed, and have a similar deed executed by her husband and receive $2,000 in

satisfaction of her claims for maintenance. This is the whole contract, and it is not denied that the contract, on the part of the complainant, was fully performed.

But, as I think will appear further on, a true construction of these trust deeds shows that they had very important and valuable functions and greatly aided both parties in dealing with their respective properties.

My conclusion is that the case of *Cushing* v. *Blake* answers our first inquiry in favor of the complainant—that, upon the delivery of the trust deed to Anna M. Goodheart, an equitable estate of inheritance was vested in the husband, and an inchoate right of dower therein was, at the same time, vested in the wife, and that, upon the death of the husband, this equitable estate passed to his heirs or devisee, subject to the widow's dower.

After the death of the husband, the first *cestui que trust,* under a trust deed like the one under consideration, a conveyance of the legal estate to his heir or devisee, made by the trustee in execution of the trust, plainly cannot defeat the widow's right of dower. After the death of the husband the equitable estate is divided between the heir or devisee and the dowress. The trustee holds legal title for the benefit of both. A conveyance of the legal title from the trustee cannot effect a merger, even technically, apart from any control which equity has over mergers, because the legal and equitable estate which are united in one person are not co-extensive. *Bolles* v. *State Trust Co., 12 C. E. Gr. 308, 310.* This result accords with common sense and disregards mere forms. So far as a trust deed like the one under consideration relates to land which is not conveyed in pursuance of its terms during the lifetime of the husband, its whole effect is to leave the husband in absolute control, substantially in the same position as if the trust deed had never been executed. It would be strange, indeed, if dower did not attach to such an equitable estate and remain unaffected by a conveyance, or attempted conveyance, of the legal estate by the trustee to the husband's heir or devisee.

But in regard to land conveyed by the trustee during the lifetime of the beneficiary, at his request, to a third party, strictly in accordance with the terms of the trust, the claim of the

Goodheart *v.* Goodheart.

widow is a very different matter. The effect of such a conveyance is to defeat, to altogether extinguish, the equitable estate of inheritance to which the inchoate right of dower was attached, and I am unable to see any reason why the dower right is not, at the same time, defeated and extinguished. Whatever may be the estate of inheritance, whether legal or equitable, whether it be a base or conditional fee, or a conditional equitable estate, the happening of the condition which defeats the estate defeats any dower or curtesy therein. Otherwise, dower and curtesy would exist, not in the estate of the wife or the husband, as the case may be, but in some other estate superior to that of which the husband or wife were seized during coverture.

In all cases where the husband makes a conveyance to a trustee to sell and the wife joins in the deed, so as to bar her dower, the only dower which the wife can have is in any equitable estate of inheritance which the husband may then hold. A conveyance by the trustee in execution of his trust puts an end to any possible equitable estate of inheritance in the husband, and consequently must extinguish the dower. I know of no reason why both dower and curtesy should not be barred by trust deeds of this kind after the trust has been executed by a conveyance of the property to an outside party. So far as the interests of the wife are specially protected by requiring a special form of acknowledgment, this requirement has been met when she acknowledged the deed to the trustee.

The result is that the widow is entitled to dower in the tract in Middlesex county of which her husband died seized, and she is entitled to dower in the lands in Hudson county conveyed by the trust deed to Anna M. Goodheart, excepting that portion thereof which was conveyed by the trustee, in the lifetime of James Goodheart, to Margaret M. Goodheart.